IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KATHRINE FERRETTI**                                                                **PLAINTIFF**

**V.**                                                                                   **NO. 4:21-CV-99-DMB-JMV**

**LOUIS DEJOY, Postmaster**
**General of the United States**                                                        **DEFENDANT**

## ORDER

On August 16, 2021, Kathrine Ferretti[1] filed a complaint in the United States District Court for the Northern District of Mississippi against Louis DeJoy, Postmaster General of the United States, alleging racial discrimination and racial harassment in violation of Title VII. Doc. #1. DeJoy filed a motion to dismiss or, in the alternative, for summary judgment, on November 1, 2021. Doc. #9. DeJoy submits that, among other things, Ferretti "failed to timely exhaust certain claims in her Complaint and has abandoned other claims, thereby depriving this Court of subject matter jurisdiction;" "failed to perfect service of process" under the Federal Rules; and cannot succeed on the merits of her claims.[2] *Id.* at PageID 32–33.

After Ferretti responded[3] to the motion, the parties filed on January 6, 2022, a "Joint Motion to Dismiss Defendant's Motion to Dismiss or in the Alternative for Summary Judgment Without Prejudice and to Lift Order Staying Proceedings." Doc. #19. A week later, DeJoy filed a motion to extend the deadline to reply in support of his motion to dismiss. Doc. #20.

---

[1] The complaint's caption lists the plaintiff as "Kathrine Ferretti" but in at least one instance in the complaint, the plaintiff's first name is spelled "Katherine." Unless and until modification of the complaint's caption is sought and granted, the Court will reference the plaintiff as listed in the complaint's caption.

[2] The following day, United States Magistrate Judge Jane M. Virden stayed the case pursuant to Local Rule 16(b)(3)(B) because the motion to dismiss raised the issue of subject matter jurisdiction. Doc. #11.

[3] Doc. #14.

On January 25, 2022, in response to the Court's concern that, among other things, "subject matter jurisdiction may not be established by agreement,"[4] DeJoy filed a "Notice of Withdrawal of Motion to Dismiss or for Summary Judgment," Doc. #21, and a "Memorandum in Support of Defendant's Notice of Withdrawal of Motion to Dismiss or for Summary Judgment," Doc. #22.[5] Specifically, DeJoy "withdraws [his] arguments under Fed. R. Civ. P., Rule 12(b)(1)" because "although there is still case law that supports [his] jurisdictional position previously argued, the Fifth Circuit has transitioned to the position that a plaintiff's failure to timely exhaust her administrative remedy is not a jurisdictional bar." Doc. #22 at 3–4. DeJoy also states that he "is no longer contesting service of process and is withdrawing any argument or defense based on a lack of personal jurisdiction or a lack of service of process." *Id.* at 4.

Although the parties express a clear desire for DeJoy's motion to dismiss to be withdrawn, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

There is no dispute that Ferretti's claims arise under the laws of the United States. And the United States Supreme Court has recognized that "Title VII's charge-filing instruction is not jurisdictional." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Because the Court is satisfied subject matter jurisdiction exists in this case, the Court accepts the withdrawal of DeJoy's motion to dismiss. Accordingly, the motion to dismiss [9] will be **TERMINATED** and both the

---

[4] *See* Doc. #22 at 1.

[5] Based on DeJoy's notice withdrawing his motion to dismiss, Judge Virden lifted the stay on April 22, 2022. Doc. #23. Three days later, an "Answer and Affirmative Defenses" to the complaint was filed by "the United States Postal Service." Doc. #25.

joint motion [19] and the motion for extension [20] are **DENIED as moot**.

    **SO ORDERED**, this 27th day of April, 2022.

/s/Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**
